Dear Mr. Bankston:
The East Baton Rouge Parish Board of Election Supervisors' request for reconsideration of Opinion Number 01-417 has been assigned to me for research and reply. Your letter further states that this request has been joined in by the parish board of election supervisors for the parishes of Jefferson, St. Tammany, Caddo, Calcasieu, Natchitoches, Iberia and St. Landry.
This request seeks reconsideration of our opinion on the following question:
 If less than a majority of the Board of Election Supervisors or their statutorily approved designee attends an absentee count, sealing, unsealing of machines or any other board function, has a meeting occurred and should any of the members be paid?
This question was answered in Opinion Number 01-417 as follows:
 Since this office has found that performance of some duty by the members is required to permit compensation, and a majority of the members is required for the board to perform its duty, we would conclude without a majority no public meeting occurred in furtherance of the duties of the Board, and there should be no payment since there was a failure to act by the Board. As quoted hereinabove, `Where a meeting is called to execute those duties, attendance is required to effect performance.'"
The board believes that this opinion erred by relying on a 1981 opinion of the Attorney General, namely 81-1156, and the board is correct. We will quote the board's analysis in the reconsideration letter, which is exactly on point:
 We refer you to Attorney General opinion 88-340, directed to the Inspector General of the State of Louisiana on August 19, 1988. Therein the Attorney General opined:
 Where the statute for a public body specifically authorizes the representation of some or all members of that public body by a designee, as does R.S. 17:3022 for the Governor's Special Commission on Education Services, the special enabling statute for the public body constitutes legislative exception to the general prohibitory norm of R.S. 42:5(B). Accordingly, lawful designees have the power to vote and to be counted for a quorum. This opinion is distinguished from Attorney General Opinion 81-1156. In that case the enabling statute for the Parish Board of Election Supervisors 18:423(C), did not authorize members to be represented by designated representatives and the general prohibition of 42:5(B) obtained.
 We point out that the Election Code, specifically 18:423(H) was added (amended by the legislature) in 1985 after Attorney General Opinion 81-1156 was rendered.
 We also would point out that the Election Code, specifically 18:23E.(1) allows the Lieutenant Governor, Commissioner of Elections, Secretary of State and yourself to designate a particular named employee to act in their stead at meetings of the State Board of Election Supervisors. 18:23E.(2) allows a designee [alternate] for the Clerk of Court representative and the Registrar of Voters representative. It would be an inconsistent reading of the Election Code to allow the designee of the Attorney General, Lieutenant Governor, the Secretary of State and the Commissioner of elections to transact business and count toward a quorum at the State Board level but not allow the designees [alternates] of the Clerk of Court and the Registrar of Voters on the Parish Board level to count toward the quorum and to participate in the deliberations and the decisions of the parish Board.
 We firmly believe that Attorney General Opinion 88-340, cited above, clearly controls the question posed and accordingly we believe that any three members of the Parish Board of Election Supervisors constitute a quorum for transacting business, whether those three members are composed of the Clerk of Court's designee, the Registrar of Voters' designee or the Chairmen of the political parties or the Governor's appointee. It logically follows that any member who participates in a meeting of the Parish Board of Election Supervisors along with at least two other members of the Parish Board, whether they are designees of the Clerk of Court or the Registrar of Voters should be paid in accordance with R.S. 18:423E.
 We agree with the Board's summation of the law quoted above and recall that portion of Attorney General Opinion No. 01-417 which is in conflict with our opinion herein, which is that R.S. 18:423(H) specifically provides for the appointment of a designee for the clerk of court and the registrar of voters, which designee is further authorized to serve in the clerks/registrars place on the parish board of election supervisors when he is absent from any meetings of the board, which includes the convening of a quorum and voting.
The board also seeks clarification of questions two and three from Opinion No. 01-417, which were as follows:
 If the Clerk or Registrar sends a designee as opposed to attending himself or herself, should the Clerk or Registrar or his/her designee be paid the $50 stipend for serving in that capacity?
 If a member of the Parish Board or his/her designee fails to attend a meeting of the Board of Election Supervisors, should that person receive a $50 stipend?
The board agrees with that part of our opinion [response to question #2] which cites Opinion No. 94-322 and concludes that only members of the parish board of election supervisors may be paid the $50 stipend; however, the board takes issue with the "[attempt] to tie the 450 [$250] stipend to meetings of the parish board of election supervisors." (our emphasis). The board's argument is as follows:
 R.S. 18:423E provides in pertinent part:
 E. Compensation. Each member of the parish board of election supervisors shall receive fifty dollars for each day, not to exceed five days, actually spent in the performance of his duties in preparing for and supervising each election held in the parish.
 The above cited provision of the Election Code in no way requires a meeting of the Parish Board of Election Supervisors to be paid the $50 per day stipend. If however, the Parish Board of Election Supervisors does hold a meeting to select commissioners, sign election returns, or to take other action, these events can clearly be construed as preparing for or supervising an election.
 * * *
We agree with this analysis by the board and further state that in response to questions #2 and #3 it is our opinion that R.S. 18:423(E) clearly sets forth compensation in the amount of fifty dollars for a maximum of five days for each member of the parish board of election supervisors who has actually spent five days in the performance of theduties of the parish board of election supervisors in preparing for andsupervising each election held in the parish. We did not intend our earlier opinion, No. 01-417, to be read as allowing the $50 stipend to be paid for "meetings" of the board alone. The opinion simply and directly answered "no" to the question, "if a member of the parish board or his/her designee fails to attend a meeting of the board of election supervisors, should that person receive a $50 stipend?".
Although the phrase "preparing for and supervising each election" is not defined by law, it is our opinion that any action performed by the board member in the preparation of and/or supervision of the election is covered. Examples in the Election Code include, meeting to select commissioners, publishing notices, consolidating polling places, issuing commissions to replacement commissioners-in-charge, accepting the filing list of watchers, issuing commissions to watchers, meeting to select absentee commissioners to count absentee ballots, reducing the number of absentee commissioners, counting and tabulating absentee ballots, assisting in the opening of the voting machines, and recording the election results. Examples which are not mandated by the law, but which certainly fall within the meaning of "preparing for and supervising each election", would include the example in the board's letter of informing and instructing a commissioner-in-charge at a polling place of a 600 foot political advertising violation, which means that the board member was supervising the election by observing the polling place. Another example would be if a board member chose to observe the sealing of voting machines.
We are aware that payment of the board member is by the State, through the office of the Commissioner of Elections. We therefore assume that each board member certifies in writing to the Commissioner the number of times he performed his job in order for the $50 day/$250 max payment to be received. Thus, we point out that any knowing, willful or intentional false statement in such a matter by the board member would be punishable as a crime under R.S. 18:1461(A)(13), (B), and (C)(1), including but not limited to forfeiture of public office.
An additional issue that has come to our attention is whether thedesignee of the chairman of the parish executive committee of each recognized political party can be paid the $50 stipend. In Opinion No. 01-417, we stated that "[o]nly the members of the board listed above [R.S. 18:423(C)(1)] can receive compensation", relying on Attorney General Opinion No. 94-322. And we further relied on this 1994 opinion in stating, "In addition, the only designees allowed to substitute for a member are for the clerk of court and registrar of voters. Since these designees are not members of the board, compensation should not go to them." R.S. 18:423(C) and (H), provide in pertinent part:
 C.(1) Composition. In each parish, except Orleans Parish, the board of election supervisors shall be composed of the registrar of voters, the clerk of court, the chairman of the parish executive committee of each recognized political party or his designee who shall be a member of the parish executive committee of the same recognized political party, and one member appointed by the governor.
 * * *
 (H) The clerk of court and the registrar of voters may each appoint a designee to serve in his place on the parish board of election supervisors when he is absent from any meetings of the board. (Emphasis added).
Thus, it is our opinion that the law clearly allows for the chairman of the parish executive committee of each recognized political party to appoint a designee who is a member of the parish executive committee of the same recognized political party to serve on the parish board of election supervisors for all purposes under the law. If this appointment is made, it is our opinion that the appointed designee becomes the actual member, meaning that the appointed designee is authorized to receive the compensation of R.S. 18:423(E) and not the chairman of the party. This paragraph, R.S. 18:423(C), is different from paragraph (H), in that paragraph (H) provides for the clerk and registrar to appoint a designee to serve in the place of the clerk and registrar when either of them are absent from a meeting of the board. These designees are not members of the board as provided in R.S. 18:423(C), as quoted above, and therefore are unable to receive compensation for this limited purpose, as the law only provides for compensation for members of the parish board of election supervisors.
Trusting that this opinion is responsive to the request, we remain
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL;mjb
Cc: Hon. Suzanne Haik Terrell